OPINION
Defendant-appellant Luther Wilson appeals his conviction and sentence entered by the Perry County Court of Common Pleas on one count of felonious assault, in violation of R.C. 2903.11(A)(1), with a firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 22, 1998, the Perry County Grand Jury indicted appellant on one count of attempted murder, in violation of R.C. 2923.02(A); and one count of felonious assault, in violation of R.C.2903.11(A)(1). Each count carried an attendant firearm specification. The charges arose out of an incident on May 20, 1998, during which appellant shot Katherine Taylor, his live-in girlfriend. At his arraignment on June 26, 1998, appellant enter a plea of not guilty to the Indictment. The matter proceeded to trial on November 4, 1998. The following evidence was adduced at trial. Katherine Taylor and appellant had been living together for approximately nine (9) years. Over the course of the day on May 19, 1998, the two had been drinking beer with Bobby Gillman and an individual named Christopher. At some point during the evening, appellant accused Taylor of having an affair with Gillman. The accusation ignited an argument between Taylor and appellant, which lasted approximately forty-five minutes. As appellant exited the residence, he threatened to kill Taylor if she did not have something for him to eat when he returned. Taylor made sandwiches for appellant, which she placed in the refrigerator, then laid on the couch and fell asleep. At approximately 11:15 p.m., appellant appeared at the residence of Alice Rose, a long time friend of Taylor. Connie LeMay, Taylor's sister, was at the Rose residence when appellant, who was staggering and emotionally upset, arrived. During the two hours appellant remained at the Rose house, he repeatedly stated he was going "to blow [Taylor's] F-ing brains out" because "she was down there screwing [Gillman]". Transcript of Proceedings at 133-134. Sometime during the early morning hours of May 20, 1998, Taylor's fourteen year old son, Shaun, was awakened by appellant banging on the front door of their residence. Shaun answered the door. Appellant entered the house and passed out on a chair in the living room. When he came to, appellant smacked Taylor in the face in order to wake her and demanded she make him something to eat. Taylor proceeded to the kitchen to prepare food for appellant. Appellant followed Taylor and again accused her of having a sexual relationship with Gillman. Another argument ensued. Taylor accompanied Shaun into his bedroom. When she returned to the kitchen, appellant repeatedly struck Taylor's left arm with the barrel of the gun he had retrieved, causing extensive bruising from her shoulder to her forearm. The argument continued and Taylor eventually threw a ceramic mug at appellant, which struck him in the head. Appellant grabbed Taylor and threatened to kill her, but relented and returned to the living room. Taylor turned toward the stove and began to heat a can of soup. Thereafter, appellant fired the gun, striking Taylor in the back. Immediately following the shooting, appellant instructed Taylor to tell the police the incident was an accident if she did not he would go to jail for a long time. Appellant told Shaun to tell the police he (Shaun) was cleaning the gun when it accidently went off. Deputy Michael Lecocq of the Perry County Sheriff's Department was dispatched to the scene and questioned appellant about the shooting. Appellant told the deputy Shaun was cleaning the gun and the weapon accidently went off. Detective Lee Findlay, who was assigned to investigate the shooting, interviewed appellant during the early afternoon of May 20, 1998. Prior to the commencement of the interview, the detective advised appellant of his Miranda Rights. Appellant stated he accidently dropped the gun on the floor, and the weapon discharged, striking Taylor. When Detective Findlay indicated the scenario appellant represented was not logistically possible, appellant changed his story and told the detective Taylor threw a ceramic cup at him during an argument, which caused him to jerk and accidently discharge the gun. At the close of evidence, the trial court instructed the jury on negligent assault as a lesser included offense of felonious assault; felonious assault; and attempted murder. During the course of the deliberations, the jury asked three (3) questions, which appellant maintains are pertinent to this appeal. First, the jury asked, "What is the meaning of felonious assault?" In response, the trial court provided the jury with a copy of the portion of the instructions defining felonious assault and its elements. Next, the jury asked, "Can you give us the definition of negligent assault?" Again, the trial court responded by providing the jury with a copy of the portion of the instructions defining negligent assault and its elements. Finally, the jury asked, "Can beating with a weapon be felonious assault; if not seriously injured, but enough to cause pain and temporary bruising?" In writing, the trial court replied, "You are to rely on the definition of serious physical harm previously provided to you." Upon completing its deliberations, the jury found appellant not guilty of attempted murder, guilty of felonious assault with a firearm specification, and not guilty of negligent assault. The trial court memorialized the jury's verdict via Return of Verdict and Judgment Entry dated November 12, 1998. On December 10, 1998, the trial court sentenced appellant to a term of imprisonment of seven (7) years on the felonious assault charge and to a mandatory term of three (3) years on the firearm specification. The trial court ordered the terms be served consecutively. The trial court memorialized the sentence via Judgment Entry of Sentence dated December 17, 1998. It is from his conviction and sentence appellant prosecutes this appeal, raising as his sole assignment of error:
 THE CONVICTION FOR FELONIOUS ASSAULT WAS ERRONEOUS WHEN THE DEFENDANT-APPELLANT WAS FOUND NOT GUILTY OF THE LESSER INCLUDED OFFENSE OF NEGLIGENT ASSAULT AND CONVICTED OF THE GREATER OFFENSE OF FELONIOUS ASSAULT.
Herein, appellant argues, under the facts of the instant action, his conviction for felonious assault, in violation of R.C.2903.11(A)(1), is inconsistent with the jury's finding him not guilty of negligent assault, the lesser included offense. The State asserts: The fact that the jury signed a verdict of "not guilty" on the Negligent Assault is a nullity. [The jury was] instructed to consider the lesser included offense if they found [appellant] not guilty of Felonious Assault or if they were unable to reach a verdict on the offense of Felonious Assault. (Tr. At 302 and 303). However, the instructions did not specifically say not to reach a verdict on Negligent Assault if they reached a verdict of guilty of Felonious Assault. Consequently, the "not guilty" verdict on Negligent Assault does not mean he is not guilty of Felonious Assault. [The jury] apparently understood they could not find [appellant] guilty of both offenses so they found [appellant] "guilty" of one and "not guilty" of the other. [The jury] found there to be enough evidence to find that [appellant] knowingly caused the serious physical harm.
Brief of Appellee at 7-8.
We agree with the State's assertion. With respect to the lesser included offense of negligent assault, the trial court specifically instructed the jury: If you find that the State failed to prove, beyond a reasonable doubt, any one of the essential elements of the offense of felonious assault, then your verdict must be not guilty of that offense, and in that event, you will continue your deliberations to decide whether the State has proved, beyond a reasonable doubt, all of the essential elements of the lesser included offense of negligent assault.
If all of you are unable to agree on a verdict of either guilty or not guilty of felonious assault, then you will continue your deliberations to decide whether the State has proved, beyond a reasonable doubt, all of the essential elements of the lesser included offense of negligent assault.
* * *
If you find that the State proved, beyond a reasonable doubt, all of the essential elements of the offense of negligent assault, your verdict must be guilty. If you find that the State failed to prove, beyond a reasonable doubt, any one of the elements of the offense of negligent assault, then your verdict must be not guilty.
If the evidence warrants it, you may find [appellant] guilty of an offense lesser than that charged in the indictment. However, notwithstanding this right, it is your duty to accept the law as given to you by the Court, and if the facts and the law warrant a conviction of the offense charged in the indictment, namely, felonious assault, then it is your duty to make such finding noninfluenced [sic] by your power to find a lesser offense.
This provision is not designed to relieve you from the performance of any unpleasant duty. It is included to prevent failure of justice if the evidence fails to prove the original charge, but does justify a verdict for the lesser offense. Tr. at 302-305.
Although we hesitate to call the jury's signing of the not guilty verdict form on the negligent assault charge a "nullity" as the State does, we find such action to be an error by the jury in its performance of a ministerial duty, clearly resulting from the jury's misunderstanding of the proper manner in which to fulfill that duty. We do not find the signing of the not guilty verdict form creates an inconsistency with appellant's conviction for felonious assault under these circumstances. Furthermore, we find the State presented sufficient evidence from which the jury could find appellant knowingly caused serious physical harm to Taylor by repeatedly striking her with the barrel of the gun. Accordingly, appellant's sole assignment of error is overruled.
The conviction and sentence of the Perry County Court of Common Pleas is affirmed.
Hoffman, J. Wise, P.J. and Farmer, J. concur.